UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JOSEPH R. KALAC,<br><br>               Defendant. | NO. 2:13-cr-00224-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on Defendant Joseph R. Kalac's motion for compassionate release. Dkt. 181. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Kalac is a 54-year-old inmate currently detained at United States Penitentiary (USP) Victorville, with a projected release date of February 26, 2026. On September 19, 2014, after a five-day trial, a jury found Mr. Kalac guilty of the following six crimes:

*Possession of Heroin with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2

*Possession of Methamphetamine with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2, with a special finding by the jury that the offense involved 5 grams or more of pure or actual methamphetamine

ORDER - 1

*Possession of Cocaine Base with Intent to Distribute*, in violation of
Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and
Title 18, United States Code, Section 2

*Possession of a Firearm in Furtherance of a Drug Trafficking Crime*,
in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i)

*Felon in Possession of a Firearm*, in violation of Title 18, United
States Code, Sections 922(g)(1) and 924(a)(2)

*Felon in Possession of Ammunition*, in violation of Title 18, United
States Code, Sections 922(g)(1) and 924(a)(2)

Dkts. 141 and 142.

On October 9, 2014, Mr. Kalac pled guilty to an additional charge of *Failure to Surrender for Service of Sentence*, in violation of Title 18, United States Code, Section 3146(a)(2), which charge had been bifurcated for trial. Dkt. 148.

On May 22, 2015, this Court sentenced Mr. Kalac to a total term of incarceration of 168 months and 1 day, to be followed by a term of five years of supervised release. Dkt. 169. He now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court for a reduction in his sentence to time served and immediate release to begin his five-year term of supervision. Dkt. 181.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the BOP Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended

§ 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir. Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise. '" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Kalac's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Kalac's compassionate release motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Mr. Kalac made a request for compassionate release by way of a letter to the Warden of USP Victorville, which was received by the Warden's office on August 31, 2020. Dkt. 181, Ex. A. There is no indication in the record that Mr. Kalac received a response. The Court finds the statutorily required 30-day period has expired, and Mr. Kalac's motion is properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Kalac's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Kalac bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Kalac contracted coronavirus-19 (COVID-19) in June of 2020, and indicates he spent approximately one month in isolation during the course of his illness. Mr. Kalac sets forth a number of health concerns, including obesity, chronic obstructive pulmonary disease (COPD), sleep apnea, and severe pain from a deteriorated hip. Although not diagnosed with hypertension, he indicates recent blood pressure readings are elevated. Mr. Kalac highlights that two of his medical conditions (obesity and COPD), place him at increased risk of severe illness from COVID-19 should he become re-infected with the virus. Dkt. 181.

The government concedes that the Centers for Disease Control and Prevention (CDC) continues to list obesity and COPD as risk factors for serious illness from COVID-19, and that the Department of Justice takes the position that suffering from a condition that the CDC so recognizes provides an extraordinary and compelling reason permitting a court to consider whether a reduction in sentence is otherwise warranted. However, the government opposes a reduction in Mr. Kalac's sentence and his immediate release, arguing that the fact that Mr. Kalac has already had COVID-19 suggests that he already has significant immunity against this virus, and that the CDC continues to note that cases of re-infection remain rare. Dkt. 183.

Mr. Kalac has countered this contention and challenges the certainty of infection-induced immunity and its effectiveness against some of the emerging variants. Dkt. 186.

The Court will not engage in the battle of the science on infection-induced immunity as both parties must agree the science is emerging and lacks a clearly defined statement of the risks once one has survived having contracted the virus.

What is certain is that the CDC has listed obesity and COPD as risk factors for serious illness from COVID-19. This declaration and the government's concession

warrant consideration of Mr. Kalac's motion as having presented extraordinary and compelling reasons for a sentence reduction.

**D. Safety of Others**

The Court next turns to whether Mr. Kalac presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In exercising its discretion, the Court considers the nature and circumstances of the underlying offense, the weight of evidence against the defendant, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community.

Mr. Kalac argues that he can be safely released and supervised. He indicates that he does not have the physical capacity to reoffend and would not present a further danger to the community given his diminished health, which includes chronic pain and confinement to a wheelchair. He contends that his physical ailments, when combined with the conditions under which he would be supervised during his term of supervision, would mitigate any concerns regarding his danger to others. Dkt. 181.

The government counters that Mr. Kalac remains a danger to the community, given his previous history of committing further criminal offenses while on federal supervision. The government highlights Mr. Kalac's long and serious criminal history, arguing that he has demonstrated by his actions that he has little respect for the law or the directives of the Court, and that he should remain confined for the length of his original sentence in order to protect the community. Dkt. 185.

The Court agrees with the government's assessment. As noted by the government, Mr. Kalac's history dictates against his release. He was on federal supervision for possessing drugs and a gun, and yet in the instant case he again possessed drugs and a gun, led the police on a dangerous, high-speed chase, and kept running even after

crashing his car. Dkt. 185, p. 9. Also pointed out is that when this Court afforded Mr. Kalac the opportunity to surrender for his sentence on the supervised release violation, he failed to appear despite an order of this Court. PSR ⁋ 8.

Again, as referenced by the government, Mr. Kalac spent the preceding twenty years before his first federal conviction in 2009 committing a variety of criminal offenses including burglaries, domestic violence, theft and other crimes which appear to have been tied with his abuse of narcotic drugs. Dkt. 185, p. 9.

Despite Mr. Kalac's current medical and physical condition, his extensive criminal history and failure to abide by this Court's order causes this Court to conclude that early release is not appropriate in the interest of safety to the community.

### E. Other 18 U.S.C. § 3553(a) Factors

In determining whether to grant Mr. Kalac's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). *See also United States v. Grimes*, No. CR11-5509 BHS, 2021 WL 319404 (W.D. Wash. Jan. 26, 2021) (summarizing relevant factors).

Mr. Kalac argues that the 18 U.S.C. § 3553(a) factors warrant the Court exercising its discretion in this case and resentencing him to time served. Mr. Kalac posits that when the Court imposed its original sentence in this matter, it did not intend that he be subject to severe health complications and possibly death as a result of the conditions of his confinement during a global pandemic. Dkt. 181.

In response, the government indicates that even if the Court were to find Mr. Kalac has presented extraordinary and compelling reasons for a reduction in sentence, before granting his motion this Court must first determine whether a reduction is warranted, applying the factors in 18 U.S.C. § 3553(a). The government points to Mr. Kalac's offense conduct and extensive criminal history as evidence that a reduction in his

sentence would not promote respect for the law and provide just punishment as required by the § 3553(a) factors. Dkt. 185.

The Court agrees with the government. At the time he was sentenced, the Court did, however, consider Mr. Kalac's history and characteristics, and found the custodial sentence was necessary and appropriate to promote respect for the law, to provide just punishment and to avoid unwarranted sentencing disparities. None of the arguments Mr. Kalac now advances in support of his motion, including his medical condition, support a rebalancing of the § 3553(a) factors or conversion of the balance of his previously imposed sentence to time served or early release.

### III.  CONCLUSION

For the foregoing reasons, Defendant Joseph R. Kalac's motion for compassionate release is **DENIED**.

DATED this 4th day of May, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge